**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XINTAI ZHAI,<br><br>          Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No. 12-72777<br><br>Agency No. A095-876-560<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Xintai Zhai petitions for review of a decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his

applications for asylum and withholding of removal. We have jurisdiction under 8

U.S.C. § 1252, and we deny the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Where, as here, the BIA conducts an independent review of the evidence and law, our review "is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We therefore review the reasons identified by the BIA, as well as those provided by the IJ in support of its adverse credibility finding. *See Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010); *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Adverse credibility findings are reviewed for substantial evidence and will be upheld unless a reasonable fact-finder would be compelled to conclude to the contrary. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006).

Substantial evidence supports the IJ's adverse credibility finding and denial of relief in this pre-REAL ID Act case. Zhai failed to credibly establish his identity, a "key element[]" in his asylum claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Based on the report and testimony of a forensic examiner from the United States Immigration and Customs Enforcement Forensic Document Laboratory ("FDL"), the BIA found that the Chinese Resident Identification Card submitted by Zhai was counterfeit.

This case is distinguishable from *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004). Under *Yeimane-Berhe*, submission of a fraudulent document

that may go to the heart of an asylum claim is not automatically determinative of an adverse credibility finding, especially where there is no indication that the petitioner knew the document was fraudulent. *Id*. Unlike in *Yeimane-Berhe*, the BIA here pointed to specific evidence that Zhai knew that his identification card was fraudulent. Zhai testified that the public security bureau in China issued the identification card to him in person and that his wife sent the same card to him in the United States from China. As the BIA indicated, if Zhai is credible, it leads to the "unlikely inference that the public security bureau issued a counterfeit document to him, or that he initially received a genuine identification card, but his wife mailed him a different, fraudulent document without notifying him."

Zhai also offered a notarial birth certificate, hospital letter, and medical record along with the counterfeit identification card, none of which could be authenticated. It was reasonable for the IJ and the BIA to decide that these unauthenticated documents were insufficient to credibly establish Zhai's identity. *See In Re O-D-*, 21 I. & N. Dec. 1079, 1081–83 (BIA 1998). This is especially true here, where Zhai knew years before his merits hearing that the identification card was determined to be counterfeit by the FDL. Despite this notice, Zhai still failed to provide a reasonable explanation for his submission of the counterfeit document or to provide additional evidence to prove his identity. At the very least,

3

Zhai provided no evidence to compel the conclusion that he is credible. *See Farah*, 348 F.3d at 1156. Thus, substantial evidence supports the denial of asylum.

Because Zhai relied on the same testimony and evidence to prove his withholding of removal claim, the BIA's denial of withholding of removal is also supported by substantial evidence. *Id*.

Petition **DENIED.**